FILED

2015 JAN -6 PM 3: 02

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____

Anna M. Bronstein
379 W. Walnut Street
Pasadena, CA 91103
Phone: abronst999@gmail.com
Email: 626-344-8450

Defendant in Pro Se

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

CV 15 - 00092 - ODW (AGRx)

| | |
|---|---|
| **ANNA BRONSTEIN**<br>          Plaintiff,<br><br>          vs.<br><br>**CITIMORTGAGE, INC.; and DOES 1-10** **inclusive**<br><br>          Defendants | Case No. :<br><br>**VERIFIED COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**<br><br>1.  VIOLATION OF CALIFORNIA HOMEOWNER BILL OF RIGHTS;<br>2.  VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT;<br>3.  VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION ACT;<br>4.  VIOLATION OF CALIFORNIA CREDIT REPORTING AGENCY ACT;<br>5.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; and<br>6.  INJUNCTIVE RELIEF<br><br>DEMAND FOR TRIAL BY JURY |

PAID

JAN - 6 2015

Clerk, US District Court
COURT 4612

**COMES NOW** Plaintiff, ANNA BRONSTEIN ("Plaintiff") and for her Complaint against Defendant CITIMORTGAGE, INC., and complain and allege as follows:

## I. PARTIES

1.   Plaintiff ANNA BRONSTEIN ("ANNA") is an individual, and at all relevant times a resident of the county of Los Angeles.

2.   Plaintiff is the sole owner of the residential real property commonly known as  379 W. Walnut St. Pasadena, CA 91103 (hereinafter, "Subject Property"), and more particularly described as:

**See Exhibit A**

3.   Plaintiff is informed and believes and thereon alleges at all times mentioned herein, defendant CITIMORTGAGE, INC., (hereinafter referred to as "CITIMORTGAGE") is foreign limited liability company organized under the laws of the State of New York with its principal office in the State of Missouri and at all relevant times, was doing business in Los Angeles County, and the State of California.

4.   Defendant DOES 1-100 are sued by their fictitious names pursuant to C.C.P. §494. Their true names and capacities are unknown to Plaintiff.

5.   Plaintiff believes that each fictitiously named Defendant DOE 1-100 is a person or entity who participated in, assisted, was retained by, or counseled by one of the other Defendant's herein in connection with the acts alleged herein of which Plaintiff complains. At all times herein mentioned each defendant was an agent, officer, board member, servant, employee, partner, joint venturer of the other defendants and each of them and all times herein mentioned, each defendant was acting within the course and scope of this relationship as an officer, board member, agent, servant, employee, partner or joint venturer of the other defendants, and each of them.

6.   Defendants DOES 1-100, inclusive, are sued under fictitious names. When their true names and capacities are known, Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to and proximately thereby caused the injuries and damages to Plaintiff as hereinafter alleged, or claims some right, title,

estate, lien, or interest in the residence adverse to Plaintiff's title. Said claims, constitute a cloud on Plaintiff's title in property, and are a result therefrom unlawful or fraudulent acts that resulted in injury to Plaintiff's property.

## II.   <u>JURISDICITON AND VENUE</u>

7.      Subject-matter jurisdiction for this Court exists: pursuant to 28 U.S.C. Section 1331, because this is an action brought by a consumer for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA") (any reference to the FDCPA or any party thereof encompasses all relevant parts and subparts thereto) 15 U.S.C. §1692 et seq.

8.      The Court has personal jurisdiction over Defendant because they specifically engaged in conduct injurious to Plaintiff who is located in the county of Los Angeles, California, and Defendant did this with the full knowledge that Plaintiff was and is in the state of California and county of Los Angeles, California, and that their actions would cause injury to Plaintiff in the state of California.

9.      Plaintiff is a residents of Los Angeles County, California. Plaintiff's home which is the subject of this litigation, is in Los Angeles County, California, and Defendant regularly conduct business in this district. Each Defendant is, upon information and belief, operates in California and routinely does business in county of Los Angeles, California.

10.      Venue is proper in the United States District Court for the District of California pursuant to U.S.C. section 1391. Venue lies in the unofficial Central Division of this Court.

## III.   <u>INTRODUCTION</u>

11.      Plaintiff is proceeding, pro se in this case. Therefore, this Court must construe this claim liberally and hold it to a less stringent standard than the Court would apply to a pleading drafted by a lawyer. See, *Laber v. Harvey*, 438 F.3d 404, 413 n. 3 (4th Cir. 2006).

(a)      In *Picking*, the plaintiff's civil rights were 150 pages long and described by a Federal Judge as "inept." The Court held that where a plaintiff pleads pro-se in a suit for protection of civil rights, the court should endeavor to construe plaintiff's pleading without regard to technicalities. *Picking v. Pennsylvania Railway*, (151 F2d. 240) (N.J. is in 3r Cir.), Third Circuit Court of Appeals.

(b)    In *Walter Process Equipment v. Food Machinery*, 382 U.S. 172 (1965) it was held that in a "motion to dismiss, the material allegations of the complaint are taken as admitted." From this vantage point, courts are reluctant to dismiss complaints unless it appears the plaintiff can prove no set of facts to support of his claim which would entitle him to relief. (See, *Conley vs. Gibson*, 335 U.S. 41 (1957).

12.    Moreover, Plaintiffs claim that statements of counsel in motion, briefs or in oral arguments are not facts before this Court. (See, *Trinsey v. Pagliaro*, 229 F. Supp. 647).

13.    Plaintiff in this action is a victim of unlawful acts perpetrated by Defendant, in efforts to unlawfully foreclose on Plaintiff's property. In doing so, Defendant has made numerous violation of the FDCPA, Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. §1788, California's Homeowner Bill of Rights, and the California Credit Reporting Agency Act ("CCRAA").

## IV.    **DEFINITIONS**

14.    Under the FDCPA 15 U.S.C. § 1692a(4)  the term "**creditor**" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

15.    Under the FDCPA 15 U.S.C. § 1692a(5)  the term "**debt**" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

16.    Under the FDCPA 15 U.S.C. § 1692a(6) the term "**debt collector**" means any

person who uses any instrumentality of interstate commerce or the mails in any business the

principal purpose of which is the collection of any debts, or who regularly collects or attempts to

collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17.    Under the FDCPA 15 U.S.C. § 1692e - A debt collector may not use any false,

deceptive, or misleading representation or means in connection with the collection of any debt.

18.    Under the FDCPA 15 U.S.C. § 1692f - A debt collector may not use unfair or

unconscionable means to collect or attempt to collect any debt.

19 .    Under the FDCPA 15 U.S.C. § 1692i - (a) Any debt collector who brings any

legal action on a debt against any consumer shall  -- (1) in the case of an action to enforce an

interest in real property securing the consumer's obligation, bring such action only in a judicial

district or similar legal entity in which such real property is located.

## V.  GENERAL ALLEGATIONS

Plaintiff is informed and believes and therefore alleges that:

20.    This alleged debt was acquired by Defendant after it was in default, according to

FDCPA 15 USC 1692a(6), if a debt is acquired while in default the entity that acquires it is

considered to be a "debt collector."  This statute makes no exception regarding the method of

acquisition of the debt, so therefore it would not matter if the alleged debt was acquired by or

through a successor in interest, of if they were able to provide a copy of the purchase assumption

agreement which specifically lists the alleged debt .

21.    Plaintiff in this action is a victim of unlawful acts perpetrated by Defendant, in

efforts to unlawfully foreclose on Plaintiff's property.  According to the FDCPA, the only

method of foreclosure that a debt collector can avail themselves to would be a judicial

foreclosure, and even if Defendant was to prevail the judgment could only be for monetary

compensation, 15 USC 1692i. In taking the actions Defendant has taken by illegally attempting to foreclose on Plaintiff's real property through use of non-judicial foreclosure, Defendant has made numerous violations of the FDCPA, Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code section 1788 and California Homeowner's Bill of Rights.

22.     Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect debts alleged to be due to another. Under the FDCPA 15 U.S.C. § 1692 a(6) the term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Defendant here is a debt collector under the FDCPA. Defendant is NOT a creditor or a lender.

23.     In addition, where a loan servicer becomes the loan servicer after the borrower is in default, the loan servicer is a "debt collector" and becomes obligated to comply with the FDCPA in all respects.  See *Santoro v. CTC Foreclosure Serv. Corp.*, 12 F. App'x. 476, 480 (9th Cir. 2001); *Kee v. R-G Crown Bank*, 656 F. Supp. 2d 1348, 1354 (D. Utah 2009) (determining 'that a loan servicer . ... is only a 'debt collector' within the meaning of the FDCPA if it acquires the loan after it is in default'). See also *Alibrandri v. Fin. Outsourcing Servs., Inc.*, 333 F.3d 82 (2d Cir. 2003) (holding that a debt was in "default" and a service provider was a "debt collector," by virtue of the service providers collection letter declaring the debt in default and informing the debtor that the service provide was, in fact, a debt collector). Here, Defendant obtained the loan after it was in default.

24.     Federal courts have held that WFB must comply with the FDCPA. A Federal District Court within the Ninth Circuit Court of Appeals (whose jurisdiction includes federal courts in California) has held that Wells Fargo Bank, N.A. may be a debt collector required to comply with the FDCPA. *Williams v. Wells Fargo Bank, N.A., Et al.*, 2012 U.S. Dist. LEXIS 2871 (W.D. WA, January 12, 2012).

25.     In *Williams*, the consumers alleged Wells Fargo was in violation of federal debt collection laws by failing to provide verification of the alleged debt. 15 U.S.C. §1692, et seq. In their motion to have the lawsuit thrown out, Wells Fargo did not claim that the bank had provided verification of the debt to the consumers. Instead, the bank asserted two reasons the case should be dismissed.  First, WFB argued it was not a debt collector under the FDCPA. The bank argued that the FDCPA only applies to "parties collecting the debt of another," 15 U.S.C. § 1692(a)(6), and that "creditors, mortgagors and mortgage servicing companies are not 'debt collectors' and are exempt from liability under the [FDCPA]." *Id*. (citing *Caballero v. OCWEN Loan Servicing*,  2009 U.S. Dist. LEXIS 45213, 2009 WL 1528128, at *1 (N.D. Cal. 2009) and *Glover v. Fremont Inv. and Loan*, 2009 U.S. Dist. LEXIS 117890, 2009 WL 6114001, at *8 (N.D. Cal. 2009)). Simply put, Wells Fargo argued that because it was collecting its own debts it was exempt from FDCPA liability. Second, Wells Fargo claimed that the FDCPA does not apply in a non-judicial foreclosure proceeding. Basically, the bank argued that when there is a typical foreclosure on a deed of trust, (where there is no lawsuit filed by the bank), the bank is not attempting to collect money, and thus they are not really attempting to collect a debt. In this case, Defendant did not and has not verified the debt after Plaintiff has asked a numerous amount of times.

26.     The federal court disagreed with Wells Fargo on both grounds. The court reasoned the term "debt collector" applies to those who acquired the debt when it was already in default. See *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003). The Court noted that Wells Fargo admitted the debt had already been in default for one year when the deed of trust was assigned to Wells Fargo, and thus Wells Fargo met the definition of a debt collector under the FDCPA. Next, the Court ruled on the issue of whether foreclosing on property could be considered an attempt to collect a debt, and it stated: "Although the Court is aware of district court cases that have held that the act of foreclosing on property is not "debt collection" under the FDCPA, this Court has not adopted such a per se holding and it will not do so here. See

*Albers v. Nationstar Mortg. LLC*, 2011 U.S. Dist. LEXIS 182, 2011 WL 43584, at *2 E.D.Wash. Jan. 3, 2011) (citing cases). Nothing in the statute compels the Court to create an exception to the definition of " debt collector," as Wells Fargo proposes, where a party is non-judicially enforcing on a security instrument rather than pursuing debt collection through more traditional means. To the contrary, courts have reasoned that as long as a defendant meets the statutory definition of debt collector, "they can be covered by all sections of the Act . . .regardless of whether they also enforce security interests. " *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 378 (4th Cir. 2006) (referring to § 1692f(6) as an inclusive provision); *see also Kaltenbach v. Richards*, 464 F.3d 524, 528-29 (5th Cir. 2005) (noting that "the entire FDCPA can apply to a party whose principal business is enforcing security interests but who nevertheless fits § 1692a(6)'s general definition of debt collector").

27.     Furthermore, Plaintiff is a "consumer" as that term is defined in 15 USC§1692a(3), and CA Code 1788.2(c), since the alleged debt here deals with the purchase of a home, which means it's a debt incurred for personal family purposes.

28.     In addition, where a loan servicer becomes the loan servicer after the borrower is in default, the loan servicer is a "debt collector" and becomes obligated to comply with the FDCPA in all respects. *See Santoro v. CTC Foreclosure Serv. Corp.*, 12 F. App'x. 476, 480 (9th Cir. 2001); *Kee v. R-G Crown Bank*, 656 F. Supp. 2d 1348, 1354 (D. Utah 2009) (determining 'that a loan servicer . . . is only a 'debt collector' within the meaning of the FDCPA if it acquires the loan after it is in default'). *See also Alibrandri v. Fin. Outsourcing Servs., Inc.*, 333 F.3d 82 (2d Cir. 2003) (holding that a debt was in "default" and a service provider was a "debt collector," by virtue of the service providers collection letter declaring the debt in default and informing the debtor that the service provider was, in fact, a debt collector).

29.     Furthermore, Plaintiff is a "consumer" as that term is defined in 15 USC§1692a(3), and CA Code 1788.2(c) since the alleged debt here deals with the purchase of a home, which means it's a debt incurred for personal family purposes.

30.     Plaintiff does not have a contract with Defendant. Therefore, Defendant has no standing.

31.     That collection of any alleged debt after having been written off or charged off would be a case of unjust enrichment, and /or fraud on the consumer and/or fraud on the court.

32.     To the best of Plaintiff's knowledge and belief, Defendant has used the mails of the United States to attempt to collect from Plaintiff an alleged debt purportedly previously owed to an "original creditor," other than Defendants, which has purportedly been "charged off."

33.   Defendant has violated FDCPA, 15 U.S.C. §1692e, because it made and/or employed false, deceptive and misleading representations and/or means in connection with the instant cause of action. Said false, deceptive and misleading representations were and have been made and are being made to credit reporting bureaus and others as more specifically set out hereafter. Some or all of said false, deceptive and misleading representations were knowingly and intentionally made by Defendant.

34.     Defendant has violated the FDCPA, 15 U.S.C. §1692d because it has engaged in conduct of which the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the alleged attempt to collect on this debt and foreclosure of Plaintiff's property. Defendant knowingly and intentionally engaged in harassing, oppressive, and/or abusive conduct toward Plaintiff. Defendant knew or should have known that the natural consequences of said conduct would be to harass, oppress, or abuse Plaintiff.

35.     Plaintiff, here was deceived, and Defendant misrepresented themselves implying they were entitled to act as a Creditor, and have initiated a non-judicial foreclosure against the Subject Property even though at no time did Defendant have any proof that Plaintiff owed them any alleged debt.

36.     Defendant has violated the FDCPA, and is liable to Plaintiff for statutory, actual,

and punitive damages thereon, attorneys' fees, and costs. Said violations include, but are not limited to violations of 15 U.S.C. §1692e, et seq. and 15 U.S.C. §1692d, et seq.

37.    Defendant has knowingly, intentionally, deliberately, and fraudulently misrepresented, and/ or mislead what Plaintiff's legal status, character, and/or amount of the alleged debt was in violation of 15 U.S.C. §1692e(2), and in violation of U.S.C.151692e(10).

38.    By attempting to collect on this alleged debt, Defendants falsely, knowingly, deliberately, fraudulently, and intentionally misrepresented to Plaintiff and all other persons having or acquiring knowledge of the actions of Defendant against Plaintiff, including credit reporting bureaus, and persons or entities Plaintiff might seek to obtain credit from, present or future potential employers of Plaintiff, and other persons and entities that it has the legal right to pursue this account in this Court. Defendant's actions all constitute violations of the FDCPA and the Fair Business Practices Act.

39.    Defendants have not verified or produced: any accounting or financial records, necessary to prove the breakdown of the purported "total" amount alleged to be owed, with respect to its components, such as principal, interest, late fees, over limit fees, etc. or their current license in the state of California to act as a debt collector.

## VI.    FIRST CLAIM FOR RELIEF

## VIOLATION OF THE CALIFORNIA HOMEOWNER BILL OF RIGHTS

40.  Plaintiff incorporates the allegations in all preceding paragraphs as if fully set forth herein.

41. Plaintiff is currently in loan modification negotiation with CITIMORTGAGE.

42. Plaintiff is informed and believes that CITIMORTGAGE and its agent Quality Loan Services are dual tracking her non-judicial foreclosure and loan modification in violation of the California Homeowner Bill of Rights. The letters provided to Plaintiff by CITIMORTGAGE clearly show that Plaintiff is in modification negotiations see Exhibit B.

43. Plaintiff has notified Quality Loan Service and CITIMORTGAGE that she is being dual tracked for foreclosure while her loan modification negotiations are underway. Defendant has a trustee sale date set on Plaintiff's home for January 16, 2015 as evidenced by Exhibit C.

## VII.   SECOND CLAIM FOR RELIEF

### VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. § 1692 *ET SEQ.*

44.   Plaintiff incorporates the allegations in all preceding paragraphs as if fully set forth herein.

45.   Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

46.   Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

47.   Defendant has violated the FDCPA in connection with its attempts to collect an account against Plaintiff. Defendant's violations include, but are not limited to, 15 U.S.C. § 1692d, 1692e, 1692e(2)(A), 1695e(5), 1692e(8), 1692e(10),1692g 1692i.

48.   Defendant engaged in conduct of which the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt; and Defendant used false, deceptive, or misleading representations or means in connection with the collection of a debt; supported by the unauthenticated assignment; and otherwise violated the FDCPA.

49.   Further, there is no specific amount of value indicated on this assignment; even if Defendant were to be able to provide an authenticated Power of Attorney. (Plaintiff wants to reserve the right to petition the Notary's log for authentication and validation.) An accounting that is signed and dated by the person responsible for the account has not been produced. Claim of damages, to be admissible as evidence, must incorporate records such as a general ledger and accounting of the alleged debt, the person responsible for preparing and maintaining the account general ledger must provide a complete accounting which must be sworn to and dated by the person who maintained the ledger. See *Pacific Concrete F.C.U. V. Kauanoe*, 62 Haw. 334, 614 P.2d 936 (1980), *GE Capital Hawaii, Inc. v. Yonenaka* 25 P.3d 807, 96 Hawaii 32, (Hawaii App 2001), *Fooks v. Norwich Housing Authority* 28 Conn. L. Rptr. 371, (Conn. Super.2000), and *Town of Brookfield v. Candlewood Shores Estates, Inc.* 513 A.2d 1218, 201 Conn.1 (1986).

50.    Non-judicial foreclosure, attempting to seize property is a violation of FDCPA 15 USC 1692i.

51.    Failure to Validate alleged debt as required by 15 USC 1692g.

52.    Plaintiff alleges that Defendant routinely ignored, and through their actions continued to violate FDCPA rules to enhance their own profits.

53.    Defendant's conduct was negligent or willful or both, rendering it liable for attempting to collect fees, interest, and expenses from Plaintiff that are not authorized by any agreement or permitted by law, in violation of 1692 f (1).

54.    Defendant's conduct was negligent or willful or both, rendering it liable for failing to cease collection of an alleged debt, and not providing proper validation of the alleged debt to Plaintiff, 1692 g (b).

55.    As a result of the foregoing violations, Defendant is liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than $2,000 per Plaintiff, pursuant to 15 U.S.C. §1692(k) a.1.

56.    As a result of the foregoing violations, Defendant is liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than $1,000 per Plaintiff, pursuant to 15 U.S.C. § 1692(k) a 2 a.

57.    As a result of the foregoing violations, Defendant is liable for costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k) a 3.

58.    As a result of the foregoing violations, Defendant should be enjoined from employing any of the unlawful conduct, methods, acts, or practices under the FDCPA alleged herein or proven at trial.

59.    An actual controversy has arisen and now exists between Plaintiff and Defendant concerning their respective rights and duties under the FDCPA. A judicial declaration that Defendant's actions violated the FDCPA is necessary so that all parties may ascertain their rights and duties under the law.

60.    Based on the allegations above and further set forth herein, Defendant violated 15

U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Defendant by, without limitation; Continuing to pursue collection of disputed and unverified debt; attempting to foreclose on Plaintiff's property; forcing Plaintiff to defend against an invalid action, and further, and in addition thereto, knew or should have known that it has engaged in such conduct, and the said consequences thereof.

61.     Upon information and belief, Defendant has communicated credit information to persons, including but not limited to credit reporting bureaus or agencies, with respect to Plaintiff, which it knew or should have known to be false - including without limitation allegations that Plaintiff owed the purported debt which is the subject of this action, and/or that Plaintiff owes said debt to Defendants and/or that Defendants are the original creditor of said alleged debt.

62.     Upon information and belief, Defendant, is in violation of 15 U.S.C. §1692e(8), because Defendant failed to communicate to Plaintiff, other persons and entities, including credit bureaus, and persons yet to be determined, that Plaintiff has disputed the alleged debt.

63. An actual controversy has arisen and now exists between Plaintiff and Defendant concerning their respective rights and duties under FDCPA. A judicial declaration pursuant to Code of Civ. Procedure 1060 that Defendant's actions violated the FDCPA is necessary so that all parties may ascertain their rights and duties under the law.

64.     By falsely representing that Defendants are either an assignee of an original creditor, and/or that said assignment constitutes a proper, competent, or valid assignment between Defendant and the original creditor of any alleged debt by any alleged original creditor to  Defendant, and/or that Defendant is the original creditor, Defendant has made material, false and misleading representations, and has further communicated to Plaintiff and other persons credit information which is known or which should be known to be false, including the above, the failure to communicate that a disputed debt is disputed, the "re-aging" of said debt, the false and misleading representation and impression that Defendant is the original creditor of said debt, and other material false and misleading representations, and has violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(8), §1692e(2)(A), § 1692e(5), § 1692e(10) and § 1692f. Defendant either knew or should have known all of the above.

65.     Under the FDCPA 15 U.S.C. § 1692f - A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt; taking or threatening to take any non-judicial action to effect dispossession or disablement of property if—(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest. In *Armacost v. HSBC Bank USA*, No. 10-CV0274-EJL-LMb, 2011 WL 825151 (D. Idaho Feb. 9, 2011) the plaintiff generally alleged violations of 15 U.S.C. § 1692f and argued that defendant did not have standing to foreclose on the deed of trust. Defendant here also does not have standing to foreclose. The court first noted that the definition of "debt collection" found in 15 U.S.C. § 1692a(6) included the following sentence: "For the purpose of section 1692f(6) of this title, [a debt collector] also includes the principal purpose of which is the enforcement of security interests." *Id.* It then explained that 15 U.S.C. § 1692f(6) prohibits a debt collector from "taking or threatening to take any non-judicial action to effect dispossession or disablement of property if (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest" Id. at n.5 (quoting 15 U.S.C. §1692f(6). The case stated, "if 'debt collection' generally included the enforcement of a security interest, the language specifying so for the purposes of §1692f(6) would be surplus, and such a construction would violate a 'long standing canon of statutory construction that terms in a statute should not be construed so as to render any provision of that statute meaningless or superfluous." *Id.* (quoting *Beck v. Prupis*, 529 U.S. 494, 506 (2000)) (footnote omitted). The court thus concluded that while "a non-judicial foreclosure action generally does not constitute a "debt collection activity" under the FDCPA," an exception to this rule existed for claims under 15 U.S.C. 1602f(6) *Id.*

66.     The FDCPA, §1692k, provides for actual damages, statutory damages up to one-thousand dollars ($1,000.00) per violation, costs of the action, and reasonable attorneys' fees. Plaintiff has suffered actual damages as the proximate and actual cause and result of the violations of the FDCPA by Defendants to be determined at trial. Defendant is liable to Plaintiff for statutory damages as prescribed by §1692k (a)(2)(A), actual damages pursuant to § 1692k(a)(1) in an amount to be determined at time of trial, and reasonable attorneys' fees and costs pursuant to  §1692k(a)(3).

67.     Courts will carefully scrutinize non-judicial foreclosures and set them aside if the borrower's rights have been violated. *Stirton v. Pastor* (1960) 2 Cal. Rptr. 135, 177 Cal. App. 2d 232.

68.     Plaintiff hereby prays for actual damages under the FDCPA, and for statutory damages as set forth above for each and every violation of the FDCPA proven at the trial of this case, and reasonable attorneys' fees and costs thereunder.

## VIII.   THIRD CLAIM FOR RELIEF
### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
#### (Cal. Civ. Code § 1788, et seq.)

69.     Plaintiff re-alleges and incorporates by reference all the preceding paragraphs as though fully set forth herein.

70.     Plaintiff is a consumer as set forth above and the alleged debt owed is a consumer debt pursuant to the RFDCPA.

71.     Defendant is a debt collector in the business of collecting debts.

72.     Defendant is engaged in unfair collection practices in violation of the RFDCPA by, inter alia:

A. Defendant proceeded to attempt to collect a debt that was not owed, using abusive tactics, including repeatedly contacting Plaintiff through the mail.

B. Defendant demanded payment for an invalid debt.

C. By communicating and disclosing to credit bureaus Plaintiff's information without Plaintiff's consent, and having the credit bureau's issue negative marks against Plaintiff.

D. Defendants who are debt collectors have been communicating with Plaintiff and trying to pass themselves off as creditors.

73.     Defendant violated the RFDCPA, through their violations of 15 U.S.C. §§ 1692(e) and (f) of the FDCPA, by making false or misleading representations in their unfair attempts to collect an alleged debt from Plaintiff.

74.     Defendant's violations of the RFDCPA were intentional and/or malicious.

75.     As a result of Defendants violations of the RFDCPA by Defendant, Plaintiff is entitled to actual and statutory damages, attorney's fees and costs under California Civil Code §1788.30, and such other relief as the court determines.

### IX.     FOURTH CLAIM FOR RELIEF
### CALIFORNIA CONSUMER CREDIT REPORTING AGENCY

76.     Plaintiff re-alleges and incorporates by reference all the preceding paragraphs as though fully set forth herein.

77.     Under the California Consumer Credit Reporting Agency ("CCCRA") Cal. Civ. Code §1785.25(a) provides that the furnisher "shall not" furnish credit information to "any credit reporting agency if the person [furnisher] knows or should know the information is incomplete or inaccurate." Likewise, if a furnisher determines any previously reported information is incomplete or inaccurate, it must update and correct that information so that is it "complete and accurate." Cal. Civ. Code §1785.25(b). So long as a consumer continues to dispute the credit history or information, the furnisher must note or flag the existence of this dispute anytime it furnishes credit information about that consumer. Cal. Civ. Code §1785.25(c).

78.     Additionally, the CCRAA was amended to require that if a furnisher of information receives a notice of dispute made pursuant to Cal. Civ. Code §1785.16(a), it then owes a duty to (1) "review relevant information" submitted to it; (2) "complete an investigation with respect to the disputed information" it provided; and (3) to "report to the consumer credit reporting agency the results of that investigation" within 30- business days. Cal. Civ. Code §1785.25(f).

### X.     FIFTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

79.     Plaintiff incorporates the allegations in all preceding paragraphs as if fully set forth herein.

80.     Defendant's acts and/or omissions were done intentionally and/or with gross indifference to Plaintiff's rights.

81.     Plaintiff's emotional distress includes, but is not limited to, extreme humiliation, anxiety and a loss of sleep. As a result of the Defendant's conduct, Plaintiff has suffered compensatory, general, and special damages in an amount according to proof. Additionally, Defendant acted with malice, fraud and/or oppression, by attempting to take Plaintiff's property through foreclosure when they have no legal right to do so, and thus, Plaintiff is entitled to an award of punitive damages.

## XI.     SIXTH CLAIM FOR RELIEF
## INJUNCTIVE RELIEF

82.     Plaintiff incorporates the allegations in all preceding paragraphs as if fully set forth herein.

83.     At all times relevant, Defendant, has wrongfully and unlawfully threatened Plaintiff's quiet enjoyment and use of her real property.

84.     Defendant threatened conduct, unless and until enjoined and restrained by this Court will cause great and irreparable injury to Plaintiff in that it Plaintiff will be deprived of the quiet use and enjoyment of her real property.

85.     Not only did Defendant threatened conduct cause great and irreparable harm to Plaintiff unless and until enjoined, that same threatened conduct will cause great and irreparable harm to Plaintiff's family.

86.     In this case, the irreparable harm that Plaintiff will suffer is obvious and enormous. Plaintiff will lose her real property and will be ultimately evicted from her home. Plaintiff will incur the cost and emotional distress of losing her home and repairing her further damaged credit history. Undeniably, Plaintiff will suffer severe damages.

## XII.  **CONCLUSION**

Here, Defendant does not have standing or the enforceable right to take possession of Plaintiff's Property, because of the failure to comply with strict statutory, legal contractual duties.  Said action will result in the wrongful foreclosure of the Property. Being that Defendant is a debt collector the only remedy they are entitled to would be a judicial foreclosure. However, knowing that they would not have to prove standing or the proper documentation they are attempting foreclosure through non-judicial foreclosure and therby violating the FDCPA.

Further, Plaintiff is concerned that Defendant and DOES 1-100, unless restrained, will attempt to remove Plaintiff from the possession of the Subject Property by an unlawful detainer action. Defendants are knowledgeable that any such action would cause irreparable harm to the Plaintiff, as well as cause monetary compensation which will not afford adequate relief because Plaintiff's property is unique.

Thereby, Plaintiff respectfully request that a temporary restraining order is necessary to ensure that Plaintiff and her family are not displaced before the court has had an opportunity to hear, and adjudicate the case as to its merits, and whether or not it can proceed to a hearing in front of a jury.

## **REQUEST FOR RELIEF**

**WHEREFORE,** Plaintiff having set forth the claims for relief against Defendant, respectfully pray that this Court grant the following relief against the Defendant:

1.      For equitable relief, including an Order for Defendant to rescind all Notice s of Default against Plaintiff's account and to engage in reasonable efforts to restore Plaintiff's credit to its previous standing and by entering a statement which says "Paid as Agreed";

2.     For a temporary and preliminary injunction enjoining Defendant transferring the Subject Property of or from taking any action to evict Plaintiff from her home during the pendency of this action;

3.     That the Court issue a declaration that the Defendant be required to release the lien on the Subject Property;

4.     That the Court Order judgment quieting title to Plaintiff as the owner of the Subject Property and that all Defendants have no title, right to the estate, lien or interest in the property;

5.     That the Court enter a judgment declaring Defendant's actions and practices complained of herein to be unlawful, unfair, and fraudulent;

6.     For injunctive relief against Defendants to prevent future wrongful conduct;

7.     That Plaintiff recover costs, and reasonable attorney fees, if incurred;

8.     That Defendant be required to specifically prove all allegations in this action;

9 .     For general damages and special damages in an amount to be proven at trial, but not less than $2,000 per Plaintiff, pursuant to 15 U.S.C. 1692(k) a 1;

10 .     For actual damages, including general damages and special damages in an amount to be proven at trial, but not less than $1,000 per cross-complainant, pursuant to 15 USC 1692(k) a 2 a;

//

//

//

//

//

1 1.    For costs and reasonable attorney's fees pursuant to 15 USC 1692(k) a 3.

12.    For a judicial declaration pursuant to Code of Civ. Procedure 1060 that Defendant's actions violated the FDCPA;

13.    For Punitive damages; and

14.    For such other and further relief as the Court may deem just, equitable and proper.

Dated: January 5, 2015

_____
Anna Bronstein – Plaintiff in Pro Se

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated: January 5, 2015

_____
Anna Bronstein – Plaintiff in Pro Se

## VERIFICATION

I, Anna Bronstein, acknowledge that I am the Plaintiff in the above-entitled action. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Pasadena, California this 5th day of January, 2015.

_____
Anna Bronstein – Plaintiff in Pro Se

# EXHIBIT A

## SUBJECT PROPERTY LEGAL DESCRIPTION

Pg. 21

# Exhibit "A"

4

A CONDOMINIUM COMPOSED OF:

PARCEL A:

AN UNDIVIDED 1/122ND INTEREST IN LOT 1 OF TRACT NO. 32170, IN THE CITY OF PASADENA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 851 PAGE(S) 3 AND 4 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT FROM A PORTION OF SAID LAND AS THEREIN DESCRIBED, ALL OIL, GAS, HYDROCARBON SUBSTANCES AND MINERALS OF EVERY KIND AND CHARACTER LYING MORE THAN 500 FEET BELOW THE SURFACE OF SAID PROPERTY, TOGETHER WITH THE RIGHT TO DRILL INTO, THROUGH AND TO USE AND OCCUPY ALL PARTS OF SAID PROPERTY LYING MORE THAN 500 FEET BELOW THE SURFACE THEREOF FOR ANY AND ALL PURPOSES INCIDENTAL TO THE EXPLORATION FOR AND PRODUCTION OF OIL, GAS, HYDROCARBON SUBSTANCES OR MINERALS FROM SAID PROPERTY OR OTHER LANDS, BUT WITHOUT, HOWEVER ANY RIGHT TO USE EITHER THE SURFACE OF SAID PROPERTY OR ANY PORTION OF SAID PROPERTY WITHIN 500 FEET OF THE SURFACE FOR ANY PURPOSE OR PURPOSES WHATSOEVER AS EXCEPTED BY PASADENA REDEVELOPMENT AGENCY IN DEED  RECORDED JUNE 14, 1974 AS INSTRUMENT NO. 1510.

ALSO EXCEPT THEREFROM UNITS 1 TO 122 INCLUSIVE, AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN RECORDED JANUARY 23, 1975 AS INSTRUMENT NO. 316, RECORDS OF SAID COUNTY.

PARCEL B:

UNIT 49 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN REFERRED TO ABOVE

A.P.N.: 5711-014-057

# EXHIBIT B

## LOAN MODIFICATION LETTER

Pg. 23

**citi**

11/21/2014                                                                **Notice of incomplete application**

ANNA M BRONSTEIN
379 W WALNUT ST #49
PASADENA, CA 91103-3501


RE: Property Address: 379 W WALNUT STREET
                      PASADENA, CA 91103
     CitiMortgage, Inc. Loan #:  2005547663


**Need our help?**
Support specialist, ROBERT ORCUTT
1-855-843-2549 EXT 0475031
ROBERT.J.ORCUTT@CITI.COM
Customer service: 1-800-283-7918

Dear CitiMortgage, Inc. Customer(s),

## Please send the documents required to complete your application

Thank you for submitting your application for mortgage assistance. However, your application is incomplete because it is missing some required documents, which we must receive before we can determine whether or not you're eligible for any mortgage assistance program.

Enclosed is a list of the documents that you'll need to provide by **12/22/2014**. However, if a foreclosure sale has already been scheduled, we must receive the missing documents at least **seven business days before the scheduled foreclosure sale date**, or you will not be eligible for mortgage assistance.

## What to send

To complete your application, please send valid copies of the documents listed on the enclosed Document Checklist.

You may also need to update some of the documents you've already provided if they are now expired. This allows us to be sure we're basing our review on your current financial information. Please send an updated copy of any document if it is:

- Past the date that's valid for our review, as shown below
  OR
- Past an expiration date listed on the document itself

| Document | Length of time it's valid for our review |
|---|---|
| Paycheck stub | 90 days from the ending date of the pay period shown |
| Bank statement | 90 days from the statement date |
| Pension check stub | 90 days from the ending date of the pay period shown |
| Hardship affidavit | 90 days from the document date |
| IRS Form 4506T | 120 days from the date you signed it |
| Profit and loss statement | Until the start of the next quarter |

## Where to send your information

Send the required documents to us by regular mail, overnight mail, email, or fax:



CITILM2047_CMI
Page 1 of 4

Pg. 24

2291280123

| Regular mail or overnight mail | Fax | Email |
|---|---|---|
| CitiMortgage, Inc. | 1-866-940-8125 | ROBERT.J.ORCUTT@CITI.COM |
| 1000 Technology Drive MS 420 | | |
| O'Fallon, MO 63368-2240 | | |

If you believe you have already provided the required documents, you may let us know we've sent this request in error. Please call us or notify us in writing using the address or fax number shown above, and respond by 12/22/2014 or seven business days before a scheduled foreclosure, whichever is sooner.

## What to expect

After we receive all the required documents for a complete application, we will complete our review within 30 days and confirm whether or not you're eligible for mortgage assistance. ROBERT ORCUTT, your homeowner support specialist, will coordinate our communication with you. Foreclosure activity will cease while your complete application is being evaluated for mortgage assistance. During our review process, we will let you know if we need any additional information. Please be sure to open any mail you receive from us and respond right away.

*If you are approved for loan modification:* If you accept our offer for loan modification, you will enter a trial period of making payments of a modified amount. Once you successfully complete the trial period, we'll send you a permanent modification agreement, which will include instructions for signing and returning it to us to permanently modify your loan.

## We're here to help

If you have any questions, or if you are concerned with how we have handled your account, please call ROBERT ORCUTT at 1-855-843-2549 EXT 0475031. Additional information is also available from the U.S. Department of Housing and Urban Development (HUD). A HUD-approved housing counselor can help you plan your next steps. Please visit their website at www.hud/gov/offices/hsg/sfh/econ/econ.cfm or call 1-888-995-4673.

In accordance with federal law, CitiMortgage has designated the following address where you can send a written request for information, a written notice of error, or a qualified written request:

CitiMortgage, Inc.
Attn: Customer Research Team
PO Box 10002
Hagerstown, MD 21747-0002

This notice was sent by your homeowner support specialist:

*Robert Orcutt*
ROBERT ORCUTT

## We want to make sure you know

- If you have other mortgage loans on this property, you may want to contact your other lenders to discuss mortgage assistance options with them as well.
- ROBERT ORCUTT is available Monday – Thursday 7:00 a.m. – 8:00 p.m. CT, Friday 7:00 a.m. – 5:30 p.m. CT, and Saturday 7:00 a.m. – 4:00 p.m. CT. Customer service is always available Monday – Friday 7:00 a.m. – 9:00 p.m. CT and Saturday 7:00 a.m. – 5:00 p.m. CT. We record all calls and randomly monitor them to help us ensure quality service.
- TTY Services available: Dial 711 from the United States; Dial 1-866-280-2050 from Puerto Rico.
- Hours of operation provided reflect general hours for the department.
- If responding through e-mail, please do not include confidential information. E-Mail communication is randomly monitored to ensure quality service.



- If an attorney represents you, please refer this letter to your attorney and provide us with the attorney's name, address and telephone number.
- The purpose of this communication is an attempt to collect a debt and any information obtained will be used for that purpose.
- **TO THE EXTENT YOUR OBLIGATION HAS BEEN DISCHARGED OR IS SUBJECT TO AN AUTOMATIC STAY OF A BANKRUPTCY ORDER UNDER TITLE 11 OF THE UNITED STATES CODE, THIS NOTICE IS FOR COMPLIANCE AND INFORMATIONAL PURPOSES ONLY AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT OR AN ATTEMPT TO COLLECT ANY SUCH OBLIGATION.**



ANNA M BRONSTEIN
Account No. 2005547663

# Documentation Checklist

Step 1: Complete, Sign, and Date the Enclosed Forms if enclosed in your packet
Step 2: Continue to Make Your Current Mortgage Payment
Step 3: Collect the documentation required for your mortgage solution listed in the checklist below

☐ Legible copies of Last 2 Months Business Bank Statements for borrower
☐ Legible copy of Homeowner's Insurance Policy Declaration Page
☐ Legible copy of 2 months of Bank Statements that Reflect the Rental Deposit for Borrower
☐ Legible copy of Most Recent Quarterly or Year-to-Date Profit and Loss Statement for Borrower



CITILM2047_CMI
Page 4 of 4

Pg. 27

2291280123

**EXHIBIT C**

**NOTICE OF TRUSTEE SALE**

Pg. 28



411 Ivy Street • San Diego, CA 92101 • 619-645-7711

December 05, 2014

ANNA M BRONSTEIN
379 W. WALNUT STREET
PASADENA, CA 91103

RE:    **Notice of Postponement of Trustee's Sale**
Trustee's Sale Number: CA-11-466370-AB
Property Address: 379 W. WALNUT STREET, PASADENA, CA 91103

You are hereby notified that the Trustee's Sale listed above has been postponed from 12/15/2014 to 1/16/2015 at 9:00 AM.

It is important that you monitor all sale activity and attend the sale to protect your interest. The sale may be conducted without further notification.

You can obtain information about postponements of the Trustee's Sale listed above by calling 714-573-1965 or visiting **http://www.qualityloan.com**, using the file number assigned to this foreclosure by the Trustee: CA-11-466370-AB and by accepting the terms and conditions for use of these resources. You should personally attend the sale to verify current status.

**UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

**QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Quality Loan Service Corporation

Pg-29

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☒ )

ANNA BRONSTEIN

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

CITIMORTGAGE, INC.

**(b) County of Residence of First Listed Plaintiff** LOS ANGELES
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant** New York
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

379 W. WALNUT STREET
PASADENA, CA 91103
626-344-8450

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

1000 TECHNOLOGY DRIVE
O'FALLON, MO 63368
800-667-8424

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No     ☐ **MONEY DEMANDED IN COMPLAINT:** $ 1,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC 1692, 15 USC 1681, ROSENTHAL ACT

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**     Case Number: **CV 15 - 00092**

CV-71 (10/14)     CIVIL COVER SHEET     Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No<br><br>If "no, " skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | | |
|---|---|---|
| ☐ Yes  ☒ No<br><br>If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | | |
|---|---|---|
| ☐ Yes  ☒ No<br><br>If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| **D.1.** Is there at least one answer in Column A? | **D.2.** Is there at least one answer in Column B? |
|---|---|
| ☐ Yes  ☒ No<br><br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br><br>Enter "Southern" in response to Question E, below, and continue from there.<br><br>If "no," go to question D2 to the right. ➡ | ☐ Yes  ☒ No<br><br>If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br><br>Enter "Eastern" in response to Question E, below.<br><br>If "no," your case will be assigned to the WESTERN DIVISION.<br><br>Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN ▼ |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☒ Yes  ☐ No |

| CV-71 (10/14) | CIVIL COVER SHEET | Page 2 of 3 |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court**?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _____  DATE: 1/5/15

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |