O

# United States District Court
# Central District of California

| | |
|---|---|
| ANNA BROWNSTEIN,<br><br>                    Plaintiff,<br><br>     v.<br><br>CITIMORTGAGE, INC.; DOES 1-10<br><br>                    Defendants. | Case № 2:15-cv-00092-ODW(AGRx)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION [6]** |

## I.   INTRODUCTION

Pro Se Plaintiff Anna Brownstein filed an Ex Parte Application for Temporary Restraining Order and Order to Show Cause Regarding Preliminary Injunction to prevent the sale of her Pasadena home, which is currently scheduled for Friday, January 16, 2015.  (ECF No. 6.)  Plaintiff alleges that Defendant CitiMortgage ("Citi") unlawfully initiated foreclose proceedings.  (Compl. ¶ 21.)  The Court finds that Plaintiff has failed to demonstrate a likelihood of success on the merits.  For the reasons discussed below, the Court **DENIES** Plaintiff's Ex Parte Application for Temporary Restraining Order and Order to Show Cause Regarding Preliminary Injunction.[1]  (ECF No. 6.)

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

On September 10, 2014, Plaintiff submitted a loan modification application to Citi. (Bronstein Decl. ¶ 5.) On September 15, 2014, Citi confirmed receipt of Plaintiff's application. (TRO App., Ex. B). Citi's letter explained—in bold lettering— "if you're approved, we'll send a written offer." (*Id*.)

On October 6, 2014 and October 8, 2014, Citi notified Plaintiff that she had been assigned a new Homeowner Support Specialist. (*Id*., Ex., A.) Plaintiff does not allege that she contacted her Homeowner Support Specialist to determine whether Citi reached a decision on her application. On December 5, 2014, Citi notified Plaintiff that the Trustee's Sale of her home had been postponed from December 12, 2014 to January 16, 2015 at 9:00 a.m. (*Id.*, Ex. D.)

On January 6, 2015, Plaintiff filed suit against Citi for: (1) violation of California's Homeowner Bill of Rights; (2) violation of Fair Debt and Collection Practices Act; (3) violation of Rosenthal Fair Debt Collection Act; (4) violation of California Credit Reporting Agency Act; (5) Intentional Infliction of Emotional Distress; and (6) Injunctive Relief. (Compl.)

On January 12, 2015, Plaintiff filed an Ex Parte Application for Temporary Restraining Order to prevent the sale of her Pasadena home, which is currently scheduled for Friday, January 16, 2015. (ECF No. 6.) Plaintiff does not allege that she ever received a written offer confirming that her loan modification application was approved. Even though Citi's September 15, 2014 letter stated that Plaintiff would receive a written offer *if* her application was approved, Plaintiff requests that the Court prevent Citi from conducting a foreclosure sale because her application is currently under review. (TRO App., 1.)

## III. LEGAL STANDARD

A court may issue a temporary restraining order upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose

of such an order is solely to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974).

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995); *see also Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir.2001). A plaintiff seeking a preliminary injunction must establish (1) a likelihood of success on the merits; (2) a likelihood that plaintiff will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).

The Ninth Circuit employs a "sliding scale" approach to *Winter*'s four-element test. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Under this approach, a preliminary injunction may issue if the plaintiff raises "serious questions going to the merits" and demonstrates that "the balance of hardship tips sharply towards the plaintiff's favor," but only so long as the plaintiff also demonstrates that irreparable harm is likely—not just possible—and that the injunction is in the public interest. *Id.* (internal quotation marks omitted).

Finally, "a preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*, 555 U.S. at 24. Thus, a district court should enter preliminary injunctive relief only "upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22.

## IV. DISCUSSION

The Court finds that Plaintiff has failed to demonstrate the first of four elements required to obtain a preliminary injunction: likelihood of success on the merits. Plaintiff argues that she is likely to prevail on her Homeowner's Bill of Rights claim

under California Civil Code section 2923.6(c).  (TRO App., 4.)  Pursuant to Cal. Civ. Code § 2923.6(c):

> If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending.

Plaintiff asserts that "this is precisely what happened in this case."  (TRO App., 5.)  That is, she submitted a complete first lien loan modification application that is still pending.

The Court is not persuaded that Plaintiff's application is, in fact, still pending.  Citi's September 15, 2014 letter confirming receipt of Plaintiff's application stated "if you're approved, we'll send a written offer."  Plaintiff has not provided or alleged that she ever received a written offer.  From this, and Citi's letter notifying Plaintiff that the Trustee's Sale of her home was postponed from December 12, 2014 to January 16, 2015, the Court can only conclude that Plaintiff's application was not approved.

Plaintiff expects the Court to rely only on her allegation that her application is currently under review.  Given the clear language of Citi's letter, Plaintiff must provide the written offer to substantiate her allegation and demonstrate a likelihood of success on the merits.  Without the written offer, the Court cannot enjoin Citi from conducting the foreclosure sale on Friday, January 16, 2015.

/ / /
/ / /
/ / /
/ / /
/ / /

4

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's Ex Parte Application for Temporary Restraining Order and Order to Show Cause Regarding Preliminary Injunction. (ECF No. 6.)

**IT IS SO ORDERED.**

January 13, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**